UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:14-00090 |
| | ) | JUDGE CAMPBELL |
| JAMAL COOPER, et al. | ) | |

## ORDER

Pending before the Court are the following motions: Defendant Jamal Cooper's Motion For Production Of Government's Witness List (Docket No. 1186), and Motion Requesting Early Production Of Jencks Material (Docket No. 1187); Defendant Karon Key Jordan's Motion For Notice And Request For Disclosure Of 404(b) Evidence (Docket No. 1193), Motion To Suppress Evidence Obtained Pursuant To Unlawful Wiretaps And To Adopt The Motions And Memorandum Filed By Co-Defendants Jasmond Foster (Docket No. 433) And Co-Defendant Jamal Cooper (Docket Nos. 464, 465) (Docket No. 1194), Motion For Early Disclosure Of Jencks Act Material (Docket No. 1195), Motion For Disclosure Of Preferential Agreements And Motion For Unsealing Of Sealed Plea Agreements, Preferential Or Otherwise (Docket No. 1196), and Motion For Disclosure Of Impeaching Information (Docket No. 1197); and Defendant Finnell's Motion To Adopt Co-Defendant Cooper's Motion For Production Of Government's Witness List And Motion Requesting Early Production Of Jencks Material (Docket No. 1191).

The requests to adopt by Defendant Finnell and Defendant Jordan (Docket Nos. 1191 and 1194) are GRANTED.

In the Motion For Production Of Government's Witness List (Docket No. 1186), filed by

Defendant Cooper and joined by Defendant Finnells, the Defendants request a full and complete list of witnesses who will testify at trial and the witnesses' addresses 60 days prior to trial. In its Response (Docket No. 1208), the Government indicates that, given the nature of the crimes charged in the case, disclosing its witness list in advance of trial could likely result in danger to the potential witnesses. The Government represents that it will provide the Defendants with notice each night during the trial of the witnesses it intends to call the next day. In his Reply (Docket No. 1212), Defendant Cooper indicates that the Government's suggestion will result in trial delay, and points out that, in another lengthy trial in this District, the Government provided, at the end of each week, a list of witnesses expected to testify the following week, in the order in which they would be called.

The Sixth Circuit has held that, in a non-capital case, the Government is not ordinarily obliged to reveal a list of its witnesses and exhibits in advance of trial. See United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984); United States v. Turner, 91 Fed. Appx. 489, 491, 2004 WL 540471 (6th Cir. Mar. 17, 2004). Given the expected length of the trial, however, the Court concludes that the Defendant's Motion should be GRANTED, in part, as follows: On a weekly basis, the Government shall provide a list of witnesses expected to testify the following week, in the order in which they will be called. Defendant Cooper indicates that he will do the same for the witnesses he intends to call. The parties may file an appropriate motion requesting the non-disclosure of witnesses for whom there are safety concerns or other reasons for non-disclosure.

Through the motions for early disclosure of Jencks material (Docket Nos. 1187 and 1195), filed by Defendants Cooper and Jordan, and joined by Defendant Finnells, the Defendants

request that the Government provide them with Jencks material prior to trial. Through its Response (Docket No. 1204), the Government indicates that it notified counsel for the Defendants, on September 23, 2016, that Jencks material was available for them to pick up at the Government's Office. In light of the Government's Response, the Defendants' Motions are DENIED, as moot.

Through the Motion For Notice And Request For Disclosure Of 404(b) Evidence (Docket No. 1193), Defendant Jordan requests that the Government provide notice of other crimes or bad act evidence the Government intends to offer at trial. In its Response (Docket No. 1206), the Government indicates that Rule 404(b) evidence is contained within the Jencks material it has provided to the Defendants. In light of the Government's Response, the Defendant's Motion is DENIED, as moot.

In the Motion To Suppress Evidence Obtained Pursuant To Unlawful Wiretaps And To Adopt The Motions And Memorandum Filed By Co-Defendants Jasmond Foster (Docket No. 433) And Co-Defendant Jamal Cooper (Docket Nos. 464, 465) (Docket No. 1194), Defendant Jordan requests that the Court suppress evidence seized as a result of certain Title III wiretaps identified in the Motion.

Through Memorandum and Order (Docket No. 524) issued on January 16, 2015, the Court considered and denied motions by various co-defendants raising the same challenges raised by Defendant Jordan. Defendant Jordan's Motion (Docket No. 1194) is DENIED for the reasons set forth in that Memorandum and Order (Docket No. 524).

Through the Motion For Disclosure Of Preferential Agreements And Motion For Unsealing Of Sealed Plea Agreements, Preferential Or Otherwise (Docket No. 1196), Defendant

Jordan requests that the Court order the unsealing of the plea agreements of Co-Defendants D'Ron Robinson, William Earl Foster, Clifford Woods, Eric Williams, Jerry Ray Cochran, and Wallace E. Coffey. In its Response (Docket No. 1207), the Government indicates that, with the exception of the plea agreements of Defendants Cochran and Coffey, who are not expected to testify in the Government's case in chief, the requested plea agreements have been unsealed by the Court and are contained within the Jencks material it has provided to the Defendants. In light of the Government's Response, the Defendant's Motion is DENIED, as moot.

Through the Motion For Disclosure Of Impeaching Information (Docket No. 1197), Defendant Jordan requests several categories of information he contends the Government must provide pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure, and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). In its Response (Docket No. 1205), the Government indicates that it has notified counsel that the requested material, to the extent it exists, is contained within the Jencks material it has provided to the Defendants. In light of the Government's Response, the Defendant's Motion is DENIED, as moot.

Finally, Defendant Cooper has filed a Motion To Compel - Reply To Government Response To Motion For Exculpatory Evidence (Docket No. 1188). Through the Motion, the Defendant renews his prior Motions (Docket Nos. 1073, 1081) seeking information described in a list spanning 10 pages. The Government has not responded to the pending Motion.

As stated in the prior Order (Docket No. 1161) denying Defendant's Motions, the Court is unable to determine the issues, and specific items of discovery, that remain in dispute between the parties. Accordingly, counsel for the Government and counsel for Defendant Cooper shall confer in an effort to resolve by agreement the subject matter of the Defendant's motions. <u>See</u>

4

LCrR12.01. To the extent there are matters that remain unresolved, the parties shall file briefs with the Court specifying with particularity the items or issues that remain in dispute.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE